In Re Marietta G. Mather's Will.

October Term, 1903.

Present: Rowell, C. J., Tyler, Munson, Start, and Stafford, JJ.

Opinion filed January 26, 1904.

*Wills—Execution—Testatrix's Knowledge of Nature and Contents—Evidence.*

Uncontradicted testimony that, with the exception of date and change of executors, the will in question is a duplicate of one executed a few days before, which the testatrix had heard read and discussed, and which she destroyed soon after the execution of the will in question, which she made merely to change executors, and which, when the witnesses thereto went into the room occupied by the testatrix, she got up and signed as it lay there upon a desk, and within a few days placed in a bank, where it remained about two years, tends to show that she knew its contents and nature at the time of its execution.

Appeal from a Decree of the Probate Court establishing an instrument as the will of Marietta G. Mather. Ida E. Cook, proponent. Mary A. Wallace, contestant. Trial by Court, Addison County, June Term, 1903, *Watson, J.,* presiding. Judgment for the proponent. The contestant excepted.

The Court below found that the testatrix executed the instrument in question, as and for her last will, at the home of her granddaughter, Mary A. Wallace, the wife of William E. Wallace, in Port Henry, N. Y., while the testatrix was there on a visit; that the home of the testatrix at this time was in Orwell, Vt.

The Court further found as follows: "The witnesses were, respectively, invited into the house of Mr. Wallace, and where he so invited them, he asked each of them, in sub-

stance, to come into the house to witness a signature; but in neither instance did he, when so inviting them, state whose signature they were to witness, nor the kind of instrument the signature was to be placed upon. After the witnesses went into the house for that purpose they were each introduced to the testatrix, and Mr. Wallace, referring to the testatrix, then and there stated to the witnesses: 'This is Mrs. Mather, whose signature we wish you to witness.' Thereupon the will in question was executed by the testatrix, and witnessed by the witnesses. No one then and there stated in express terms that the instrument then being executed, was the will of the testatrix; but we are satisfied and find, from the circumstances connected with the execution of the instrument, that the witnesses knew it was the will of the testatrix which they were then witnessing. But, if there was any doubt regarding this fact, they certainly knew that they were witnessing some instrument which the testatrix was then and there executing, and that by affixing their names to it, they were attesting its execution as such instrument by the testatrix. At the time of the execution of this instrument, the testatrix, although advanced in age and feeble in health, was of sound mind, and able to transact her own business."

Upon these facts found, the Court adjudged that the instrument was the last will and testament of said Marietta G. Mather.

*W. H. Davis* for the contestant.

The Supreme Court may review the findings of fact by a trial court when such facts are reported in writing. *Okley* v. *Aspinwall*, 2 Sandf. 7; *Stearns* v. *Fiske*, 18 Pick. 24.

It is the duty of the proponent to prove all the facts essential to the due execution of the will. *Williams* v. *Robinson*, 42 Vt. 658; *Roberts* v. *Welsh*, 46 Vt. 164.

It is essential that the testatrix should know the nature of the instrument and its contents. *Swett* v. *Boardman,* 1 Mass. 259; *White* v. *British Museum,* 6 Bing. 310; *Hastilow* v. *Stobie,* L. R. 1 P. & D. 64. The finding of the Court that the testatrix executed the instrument as and for her last will is not equivalent to finding that she understood the nature and contents thereof. The mere execution of the will by the testatrix has no tendency to show this except in those cases where she herself wrote the will, which is not this case.

*E. J. Ormsbee* and *Joel C. Baker* for the proponent.

The Supreme Court will not revise the finding of facts of the court below. *Noble* v. *Jewett,* 2 D. Chip. 36; *Nash* v. *Harrington,* 1 Aik. 41; *Kirby* v. *Mayo,* 13 Vt. 103; *Card* v. *Sargent,* 15 Vt. 393; *Stevens* v. *Hewett,* 30 Vt. 262; *Bank* v. *Gale,* 42 Vt. 27; *Foster* v. *Burton,* 62 Vt. 239; *Lumber Co.* v. *Shepardson,* 72 Vt. 188.

START, J. This is an appeal from a decree of the Probate Court allowing an instrument as the last will and testament of Marietta G. Mather. The trial in the Court below was by the Court. To the findings of the Court as to matters of fact and to the judgment thereon, the contestant excepted, because there is no evidence in the case to show that Marietta G. Mather, at the time of the execution of the instrument, knew its nature and contents.

It appears from testimony that was not contradicted, that the instrument was executed on the 29th day of July, 1899, and is a duplicate of a former will executed by the testatrix a few days before the execution of the one in question, except the date and change of executors; that the testatrix had heard the former will read and had discussed its provisions; that the only reason for making another will was for

the purpose of changing the executors; that, when the witnesses to the instrument in question went into the room occupied by the testatrix, the draft of the instrument lay upon a desk, and the testatrix got up and went and signed it; and that, within a short time, and on the same day, she destroyed the former will, and within a few days placed the will in question in a bank for safe keeping, where it remained for about two years. These facts tended to show that the testatrix knew the contents and nature of the instrument at the time of its execution.

*Judgment affirmed.*